In the Matter of ALVIN CHRISS, an Attorney.— Motion granted only insofar as to extend the effective date of the order of suspension to January 1, 1973. Concur — Stevens, P. J., McGivern, Markewich, Nunez and Kupferman, JJ.

(Republished)

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. RICKEY WOMBLE, Appellant.— Judgment, Supreme Court, New York County, rendered December 17, 1970, resentencing defendant-appellant as a second felony offender, *nunc pro tunc* as of February 15, 1968, unanimously reversed, on the law, the sentence vacated, and the matter remanded to Supreme Court, New York County, for resentence anew and such further proceedings as shall then be appropriate as set forth in this memorandum. On resentence, defendant advised the court of his claim that his predicate 1965 felony conviction had been unconstitutionally suffered in that he then pleaded guilty to attempted robbery, third degree, in the belief that this was a misdemeanor plea, he not having been then advised that it was to a felony he was pleading. This claim should then and there have been considered by the resentencing court (see former Code Crim. Pro., § 470-a, subd. 7, adapted by 1967 amendment from section 1943 of former Penal Law; *People* v. *McRae,* 32 A D 2d 772); instead, the matter was referred to the Justice who had taken the 1965 plea. Commendably, the District Attorney has consented to vacatur of resentence and remand to permit the claim to be considered by the court as it should have been on the prior resentence. But this disposition entitles defendant to no more than consideration of his claim, defendant's bare allegation does not automatically entitle him to a hearing unless, by appropriate allegations in papers to be submitted on the resentence for which we remand, he first establishes a factual basis for such a hearing. (See *People* v. *Robinson,* 38 A D 2d 821.) Concur — Markewich, J. P., Steuer, Tilzer and Capozzoli, JJ. [40 A D 2d 773.]